UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

vs. Case No.3:90-cr-84-J-12TEM

**TERRENCE PITTS**

---

ORDER
====

This cause is before the Court on the Defendant's motion concerning "Variances for Career Offenders Followed by Kimbrough's Crack-Cocaine Ratio" (Doc. 329), filed August 24, 2009. The Defendant seeks review of his sentence and re-sentencing in light of United States v. Kimbrough, 552 U.S. 85 (2007), and other cases he cites in support of his position that the Court should re-examine his sentence as a career offender. The Defendant has not cited any authority for the review of his sentence. Below, the Court considers and rejects two possible bases for the exercise of jurisdiction to review his sentence and concludes that the Court is without jurisdiction to review the Defendant's sentence.

The Eleventh Circuit has held that Kimbrough is does not apply to proceedings to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), which allows the Court to modify a term of imprisonment once it has been imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission...." United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009). As a result, the Court has no authority to review the Defendant's sentence under this provision.

Additionally, the Court is of the opinion that the Defendant's motion is in reality a collateral attack on his sentence pursuant to 28 U.S.C. § 2255. The Court likewise is without jurisdiction to review the Defendant's sentence pursuant to 28 U.S.C. § 2255(h), inasmuch as his motion is a successive motion[1] filed without first obtaining certification from the Eleventh Circuit Court of Appeals. Accordingly, it is

**ORDERED AND ADJUDGED:**

1.  That the Court construes the Defendant's motion concerning "Variances for Career Offenders Followed by Kimbrough's Crack-Cocaine Ratio" (Doc. 329) as a motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 and the Clerk is directed to open it as a civil case;

2.  That the Petitioner's fifth § 2255 motion (Doc. 329) is dismissed without prejudice for failure to obtain certification for filing such motion from the Eleventh Circuit Court of Appeals, the civil case is dismissed without prejudice, and the Clerk is directed to enter judgment, close the civil case, and terminate the criminal motion.

DONE AND ORDERED this **16TH** day of September 2009.

                                                    _Howell W. Melton_
                                       **SENIOR UNITED STATES DISTRICT JUDGE**

Copies to:
AUSA
Defendant

---

[1] This is the Petitioner's fifth § 2255 motion. See Docs. 228, 252, 261, and 288.